UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINCY MAGEE,

                              Plaintiff,

           -against-

AMERICAN EXPRESS; CHASE CARD
SERVICES; CREDIT KARMA; EXPERIAN;
TRANS UNION; EQUIFAX; CITY OF NEW
YORK,

                           Defendants.

19-CV-8476 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action asserting claims about many unrelated matters, including the judgment entered against him in the Housing Court of the City of New York, the seizure of his vehicle in 2013, and alleged mail or wire fraud in connection with his financial accounts and credit reports. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

      The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Quincy Magee's complaint. Plaintiff alleges that during his New York City Housing Court proceedings, he raised "many grievances . . . regarding bed bugs, authorized surveillance, unsecured windows and doors, fire damage[,] unauthorized access to his apartment." (Compl. at 4.) Plaintiff's "landlord has conspired to attempt[t] to aide [sic] and ab[e]t attempted fraud against Quincy Magee in order to access classified information and conspired with [New York City Housing Court] Judge Ramirez to attempt to ignore his grievances and enter default judgment." (*Id.*) Plaintiff "has a federal case

17CV5892 in the SDNY [and he] demands that the judgment be vacated or held and joined with the case in Federal Court."[1] Plaintiff has filed a judicial misconduct complaint against Judge Ramirez, and he asks that she "be sanctioned," that the state court judgment be vacated, and that the Court lift the hold on "his account" with Merrill Lynch.

In addition to matters arising from Plaintiff's New York City Housing Court proceedings and efforts to enforce that judgment, Plaintiff "would like the court to review the unlawful seizure and sale of his Pontiac Grand AM" in May 2013. (*Id.* at 5.) Plaintiff "has reason to believe that [this] was a criminal attempt to aide and abate [sic] and destroy evidence of vehicle tampering which l[e]d to an accident of the NJ Turnpike, which occurred right before the car was seized and sold. (*Id.*) This is "another example of corrupt intent on behalf of the civil court of the City of New York." (*Id.*)

Plaintiff also raises numerous matters related to his finances, including the closure of his credit cards with American Express and Chase Credit Card. He argues that these Defendants "should have offered a secured credit card option" instead of closing his accounts, which negatively affected his credit score. (*Id.* at 3.)

Bank of America closed Plaintiff's bank account "due to . . . failure to complete fraud investigation or forced abandonment of account." (*Id.*) These delinquent items "are medical bills

---

[1] The suit that Plaintiff references was dismissed in 2017. *See Magee v. United States*, ECF 1:17-CV-5892, 2 (S.D.N.Y. Oct. 4, 2017) (CM) (dismissing claims for damages for numerous unrelated injuries occurring in Florida, Massachusetts, New York, and Washington D.C as lacking "an arguable basis in law or in fact"); *see also Magee v. The Walt Disney Co.*, No. 17-CV-2842 (D.D.C. Feb. 26, 2018) (dismissing suit against the Walt Disney Company and Harvard University). Plaintiff has filed a new action against the Walt Disney Company. *See Magee v. The Walt Disney Co.*, No. 1:19-CV-06992, 2 (S.D.N.Y.) (CM).

which are included in civil litigation." (*Id.*) Plaintiff seeks to remove his account "from check

systems as delinquent."[2] (*Id.*)

> Plaintiff also makes many allegations regarding his credit reports and credit score:

> After reviewing his credit score from the various reporting agencies[,] Quincy Magee noticed many inconsistencies . . . Quincy Magee considers a mail fraud investigation to be a circumstance that should preclude any report of delinquent payments. . . .

> Quincy Magee had Credit Karma beginning in 2013 and canceled his account 4/7/18 because beginning in 2014, Quincy Magee recognized attempts at credit fraud, control fraud, identity theft, and inaccuracies and inconsistencies in how his credit was being reported to the reporting agencies and how Quincy Magee was being informed about his score on [C]redit [K]arma. . . .

> [C]redit Karma intended to devise an artifice for the unauthorized dissemination of personal credit information to facilitate fraud of Quincy Magee who through his various business dealing was operating as a financial institution, 18 U.S.C. §1343- fraud by wire, radio, or television

> Over the past several years the credit bureau has not fairly or accurately assessed the credit score of Quincy Magee, and he was subjected to . . . attempted credit fraud, unjust account fees and credit card fees, attempted force[d] abandonment of various accounts, withheld property, attempted identity theft. . . .

 (*Id.*) Plaintiff "demands that the ATT bill be removed from his credit report considering the class

action settlement being negotiated including his complaint regarding inaccurate billing going

back to 2010. 10-CV-2278." Moreover, "[i]f any fraudulent business activity, including the

misuse of credit information, at any time caused inaccurate or fraudulent reporting of his

financial history to the credit reporting agency, Credit Karma, Quincy Magee demands ALL

these corrections be made immediately and that these changes should be updated in the credit

reporting RETROACTIVELY . . . to NOT further penalize Quincy Magee for these frauds, unfair

---

[2] Plaintiff refers to the class action settlement in *Farrell v. Bank of America, N.A.*, No. 3:16-CV-00492-L-WVG (S.D. Cal.), which involved claims about Bank of America's $35 charges for extended overdrawn balances.

business tactics, inaccurate reporting tactics, or identity theft as reported in federal case 17-CV-2842." (*Id.* at 3-4.)

## DISCUSSION

### A.     City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's allegations regarding the seizure and sale of his car in 2013, and his litigation in the Housing Court of the City of New York, are not sufficient to suggest that any policy, custom, or practice of the City of New York caused any violation of his rights. Plaintiff thus fails to state a claim that the City of New York violated his rights under § 1983.

Plaintiff also seeks, in addition to any other claims that he may be making against the City of New York,  to have this Court review the unlawful seizure and sale of his Pontiac Grand AM" in May 2013" and to order that "the state court judgment [in Housing Court] be vacated." (Compl. at 3). Federal courts, however, lack jurisdiction to review state court orders and award

such relief. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (district courts are not authorized "to exercise appellate jurisdiction over state-court judgments"). It would therefore be futile for Plaintiff to reassert in any amended complaint that he may file any claims seeking review of state court orders.

The Court also notes that Plaintiff's claims against the City of New York about his car and his housing are unrelated to his claims against different defendants about his banking, credit cards, and credit report. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167; *Webb v. Maldanado*, No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims.") (quotation and citation omitted).

Here, Plaintiff's unrelated claims about his car, housing, and credit reports, which are against

entirely different defendants, are not properly joined in a single action. The Court therefore directs Plaintiff not to include unrelated claims against different defendants in any amended complaint that he may file.

**B.    American Express and Chase Card Services**

Plaintiff names American Express and Chase Card Services as Defendants in this action, arguing that they "should have offered [him] a secured credit card option" instead of closing his accounts. (ECF No. 1, 3.) Plaintiff fails to identify any federal law or regulation that would require defendants to do so, and the Court is unaware of any. Plaintiff thus fails to state a claim on which relief can be granted against American Express and Chase Card Services.

**C.    Credit Karma**

Plaintiff alleges that Credit Karma engaged in "fraud by wire, radio, or television" in violation of 18 U.S.C. § 1343, through the "unauthorized dissemination of personal credit information to facilitate fraud of Quincy Magee." (ECF No. 1, 2.) Plaintiff cannot initiate a criminal proceeding or request an order directing a prosecutor to do so because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus lacks standing to pursue any criminal charges against Credit Karma for wire or mail fraud, or any other allegedly criminal activity.

**D.    Experian, TransUnion, Equifax**

The Fair Credit Reporting Act affords consumers "the right to dispute any information reported to a credit reporting agency." 15 U.S.C. §§ 1681i(a)(1) (A), 1681s–2(a)(8). A credit reporting agency must conduct a "reasonable reinvestigation" if a consumer disputes an item on her credit report. *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013).

A "plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a consumer reporting agency had failed to reasonably reinvestigate a disputed item." *Jones*, 982 F. Supp. 2d at 272-73; *see also Okocha v. Trans Union LLC*, No. 08-CV-3107, 2011 WL 2837594 (E.D.N.Y. March 31, 2011), *aff'd*, 488 Fed. Appx. 535 (2nd Cir. 2012); *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is required.").

Plaintiff alleges that he "considers a mail fraud investigation to be a circumstance that should preclude any report of delinquent payments" to credit reporting agencies. (Compl. at 2.) Plaintiff thus seems to argue that credit reporting bureaus should remove certain information from his accounts because he believes that Credit Karma has engaged in criminal activity. (*Id.* at 3.) Plaintiff "demands" that his credit report be changed, but he does not allege that he notified a particular credit reporting bureau of a specific inaccuracy of his report, and it failed to conduct a reasonable reinvestigation. Moreover, Plaintiff's allegations that his delinquent payments should be removed from his credit reports because of "a mail fraud investigation" are insufficient to suggest that specific information on his reports was inaccurate at the time that it was reported. Plaintiff thus fails to state a claim under the FCRA on which relief can be granted.

Because it is not clear that granting Plaintiff leave to amend would be futile, the Court grants Plaintiff leave to amend to replead his claims that he disputed information furnished to one or more credit reporting bureaus, but they failed to conduct a reasonable reinvestigation of disputed items.

**E.      Bank of America and Citibank**

The Court understands Plaintiff to be alleging that he was charged excessive fees and that Defendant failed to respond properly to the fact that he was a victim of identity theft. But Plaintiff does not plead any facts about what occurred. He does not explain what fees he was charged or when, whether he notified Defendant of the alleged identity theft, and what Defendant did or failed to do that violated his rights under federal law.[3] Plaintiff's complaint thus does not comply with Rule 8 and fails to state a claim on which relief can be granted.

Because it is not clear that granting Plaintiff leave to amend would be futile, the Court grants Plaintiff leave to reassert his claims that Bank of America and Citibank overcharged him in violation of federal law or otherwise violated his rights in connection with his accounts.[4]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

---

[3] Plaintiff invokes the Court's federal question jurisdiction and has not pleaded facts about the citizenship of the parties that would establish diversity jurisdiction. *See, e.g., Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006) holding that for purposes of diversity jurisdiction, a national bank resides only in the state designated in its articles of association (and not in each state in which it has branch offices)).

[4] *Compare Farrell v. Bank of Am.*, 224 F. Supp. 3d 1016 (S.D. Cal. Sept. 19, 2019) (holding that charge levied for failure to rectify overdrawn deposit account within five days qualified as an extension of credit, and usurious interest rate exceeded rate allowed under the National Bank Act, 12 U.S.C. §§ 85-86), *with Fawcett v. Citizens's Bank, N.A.*, 919 F.3d 133 (1st Cir. 2019) (holding that sustained overdraft fees for overdrawn checking accounts were not usurious interest charges under the National Bank Act).

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8476 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 12, 2019
         New York, New York

_____
          COLLEEN McMAHON
       Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State              Zip Code

_____          _____
Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 2: _____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 3: _____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.